UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINA LEBRON,

           Plaintiff,

      -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,
           Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/10

09 Civ. 8974 (RMB) (DCF)

**ORDER**

## I. Background

On or about October 26, 2009, Christina Lebron ("Plaintiff"), proceeding pro se, filed a complaint ("Complaint") pursuant to § 405(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Social Security Act"), seeking review of a decision ("Decision"), dated August 7, 2008, issued by Kenneth L. Scheer, administrative law judge ("ALJ") of the Social Security Administration ("Defendant"). (Compl. ¶¶ 1, 8.) The ALJ found that Plaintiff "[did] not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments" set forth in the Code of Federal Regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Decision at 3.) On August 7, 2009, the Appeals Council Office of Disability Adjudication and Review ("Appeals Council") denied Plaintiff's request for review, finding "no reason . . . to review the [ALJ's] decision." (See Notice of Appeals Council Action, dated Aug. 7, 2009, at 1.)

On or about March 23, 2010, Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that: (1) substantial evidence supports the ALJ's finding "that despite [Plaintiff's] impairments, [she] was able to perform light work that was low

stress"; and (2) "[s]ubstantial evidence supports the ALJ's [conclusion] that although Plaintiff could not perform her past relevant work as a loan administrator . . . she was able to perform other substantial gainful activity in the national economy." (See Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings ("Mem."), dated Mar. 24, 2010, at 15–20.) To date, Plaintiff has not submitted a response to Defendant's motion.

On July 15, 2010, United States Magistrate Judge Debra Freeman, to whom the matter had been referred, issued a thorough report and recommendation ("Report") recommending that Defendant's motion be granted and judgment be entered in favor of the Defendant because, among other reasons: (1) "substantial evidence in the record supports each of the ALJ's determinations regarding the nature and extent of Plaintiff's medical impairments, as well as his ultimate conclusion that Plaintiff was able to perform sedentary or light-exertion work, with certain limitations"; and (2) "the ALJ appropriately considered [Plaintiff's] age, education, and working experience in conjunction with the Medical-Vocational Guidelines and the testimony of the vocational expert, in finding that Plaintiff was able to perform other work existing in the national economy." (Report at 14–16.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), of the [Fed. R. Civ. P.], the parties shall have fourteen (14) days from service of this Report to file written objections." (Report at 16.) To date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety.**

**II.     Standard of Review**

"A district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no specific, written objection is

2

made, as long as those sections are not clearly erroneous." Greene v. WCl Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court may accept, reject or modify, in whole or in part, the findings and recommendations of the magistrate. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

"Pro se plaintiffs should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

### III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report (and applicable legal authorities), the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991).

#### (1) Plaintiff Was Able to Perform Sedentary or Light-Exertion Work

Judge Freeman concluded that Plaintiff is not entitled to benefits because, among other reasons, the ALJ properly concluded that "none of [Plaintiff's] impairments, individually or in combination, met or medically equaled one of the impairments listed in the regulations." (Report at 11); see also Gomez ex rel. Gomez v. Barnhart, No. 01 Civ. 2288, 2003 WL 21242971, at *4 (S.D.N.Y. May 28, 2003.) Judge Freeman determined that the ALJ relied upon, among other things, Plaintiff's treatment records, the "comprehensive and well-supported" reports of her treating physician, and the "comprehensive and well-supported" reports of the examining psychiatrist. (Report at 12–13); see 20 C.F.R. § 416.927(d)(2); see also Santiago v. Massanari, No. 00 Civ. 3847, 2001 WL 1946240, at *8 (S.D.N.Y. July, 16, 2010.)

### (2) The ALJ's Findings Were Appropriately Based on the Record

Judge Freeman concluded that the ALJ relied appropriately on, among other things, the testimony of a vocational expert who identified "significant numbers [of jobs existing] in the national economy, including jobs requiring light exertion, such as mail clerk, cleaner/housekeeper, and cafeteria attendant, and sedentary jobs, such as order clerk, clerical work and assembler/jewelry." (Report at 12); see also Aull v. Astrue, No. 05 Civ. 1196, 2008 WL 2705520, at *16 (N.D.N.Y. July 10, 2008) (internal citations omitted).

## IV. Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Judge Freeman's Report in its entirety and grants Defendant's motion for judgment on the pleadings [#9]. The Clerk of Court is respectfully requested to enter judgment and close this case.

**SO ORDERED**

Dated: September 15, 2010
       New York, New York

_RMB_
**Richard M. Berman, U.S.D.J.**

4